IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY ANN GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-03721 |
| | § | |
| COLUMBIA MEDICAL CENTER OF | § | |
| LAS COLINAS, INC. D/B/A MEDICAL | § | |
| CITY LAS COLINAS, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**I.**

**INTRODUCTION**

Kimberly Ann Garza ("Plaintiff") files this Original Complaint against Columbia Medical Center of Las Colinas, Inc. d/b/a Medical City Las Colinas ("Defendant").

**II.**

**PARTIES**

1. Plaintiff is an individual and a citizen of Tarrant County, Texas.

2. Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 6800 N. MacArthur Blvd., Irving, Texas 75039. Defendant may be served with process, including citation and a copy of this lawsuit, by serving Defendant's registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III.

### JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim arising under federal law.

### IV.

### VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in Dallas County, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Dallas County.

5. Dallas County lies within the Dallas Division of the Northern District of Texas, as set forth in 28 U.S.C. § 124(a)(1)/124(c)(3).

### V.

### BACKGROUND FACTS

6. Plaintiff worked as a Registered Nurse for Defendant from February 4, 2019 until she was constructively discharged on May 29, 2020. Plaintiff worked handling COVID-19 patients, and she, like all medical workers, was experiencing stress and anxiety because of the environment. In Plaintiff's application for employment with Defendant, Plaintiff disclosed that she suffered from an anxiety disorder.

7. On May 11, 2020, Plaintiff experienced heart palpitations at work. Plaintiff followed proper protocol by notifying the Charge Nurse that she needed her zone covered momentarily. Plaintiff left for the day and went to the hospital for evaluation.

8. Plaintiff emailed her supervisor, Ryan Schirato, later that evening to advise him of her situation. Plaintiff explained that she had suffered a premature ventricular contraction, a type of abnormal heartbeat caused by stress. Plaintiff then communicated with her supervisor and the

Human Resources department for accommodations and intermittent FMLA leave, in case the episode became prolonged or began to interfere with her ability to work. Plaintiff advised Defendant that she had never experienced these symptoms in the past and that she cannot predict or control when she is going to have an anxiety attack.

9. Plaintiff was told by the unit secretary that she should avoid applying for FMLA because Defendant looks for a reason to terminate employees who apply for FMLA. Plaintiff disregarded this advice because she felt FMLA was appropriate and necessary based on her anxiety disorder. Plaintiff completed the necessary paperwork and filed for FMLA on May 12, 2020.

10. On May 15, 2020, Plaintiff was called by Paul Benson, Vice President of Human Resources, about returning to work. Mr. Benson informed Plaintiff that she would need a Fitness For Duty note from her provider before returning to work. Mr. Benson told Plaintiff that this was "not an FMLA issue." Mr. Benson told Plaintiff that it was a safety issue, and he and the management team would decide if she was fit to return to work based on a note from her provider. Mr. Benson also told Plaintiff that a second opinion may be necessary from an additional provider.

11. Mr. Benson then started challenging Plaintiff about what would and would not be covered under FMLA. Mr. Benson told Plaintiff he was going to call Time Away From Home, a third-party provider used by Defendant for FMLA, to verify which days would be included in her FMLA claim. Plaintiff told him that her provider said it would be covered if she had an episode at work and had to leave, since her claim is based on hours. Mr. Benson stated that Plaintiff's provider does not know what she is talking about.

12. Plaintiff expressed to Mr. Benson that she felt attacked and felt like she was being pushed out due to a health issue that has flared up, which was out of her control. Mr. Benson told Plaintiff that she should not be working in the ER if she had anxiety that she could not control. Plaintiff was extremely upset by this statement because she values her job and was trying to take the appropriate steps to keep her job secure while she received the treatment that she needed.

13. Plaintiff then spoke with her case manager for intermittent FMLA regarding the comments made by Mr. Benson about the Fitness For Duty release and what would be covered under FMLA. The case manager told Plaintiff to have Mr. Benson call them to discuss her claim. Plaintiff then called Mr. Benson and gave him her case manager's information so that he could go over her case and discuss any misunderstandings regarding her claim.

14. Plaintiff attempted to update her supervisor on the situation, but Mr. Schirato told her that she needed to communicate all concerns to Mr. Benson and that he is not able to speak to her regarding this matter.

15. On May 18, 2020, Plaintiff complied with Human Resource's request that she submit a Fitness For Duty evaluation before returning to work. Plaintiff did the Fitness For Duty evaluation and was cleared to return to work; however, Mr. Benson requested a second evaluation and a full psychiatric and mental health evaluation. The evaluations required by Mr. Benson were not required by the hospital's policy, which requires a Fitness For Duty note for continuous leave more than 8 days. It was also inconsistent with what Plaintiff was being told by Time Away From Work.

16. Defendant then required Plaintiff to be evaluated by a Medical City psychiatrist and produce her medical records from that physician. Defendant contacted that physician without Plaintiff's permission and provided the psychiatrist with Plaintiff's work emails. Plaintiff pushed

back on the request until Mr. Benson told her that she would be compensated for the time she spent away from work while she sought out the evaluation.

17. Plaintiff was cleared to return to work by two different physicians and afterward provided a release from the doctor to Defendant. Despite this, Plaintiff was not allowed to return to work and was placed on administrative leave on May 20, 2020.

18. After she was placed on administrative leave, Defendant suggested that Plaintiff resign. In these conversations, Mr. Benson also threatened to call the Texas Board of Nursing because he did not feel it was safe for Plaintiff to continue working as a nurse with anxiety. Because she feared that Mr. Benson would cause issues with her nursing license, and because it was clear that she would be returning to a hostile work environment, Plaintiff tendered her resignation on May 29, 2020.

19. The treatment to which Plaintiff was subjected by Defendant was based on her disability and her request for FMLA. Plaintiff disclosed her anxiety on her application for employment with Defendant but worked without incident for the first 15 months of her employment. As soon as Plaintiff had an episode at work and applied for FMLA, Plaintiff began experiencing retaliation and disparate treatment at work that ultimately led to her forced resignation.

## VI.

## CONDITIONS PRECEDENT

20. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and this Charge was duel filed with the Texas Workforce Commission.

21. The Charge was filed within 180 days after Plaintiff was terminated.

22. More than 180 days have passed since the Charge was filed and no action has been taken.

23. Plaintiff has timely exhausted all of her administrative remedies.

## VII.

## CAUSES OF ACTION

**A.  First Cause of Action—FMLA Interference**

24. Plaintiff incorporates each of the foregoing paragraphs.

25. Defendant denied Plaintiff leave that should have been covered by the Family and Medical Leave Act.

26. Defendant's actions violated 29 U.S.C. § 2615.

**B.  Second Cause of Action—FMLA Discrimination and Retaliation**

27. Plaintiff incorporates each of the foregoing paragraphs.

28. Defendant constructively discharged Plaintiff's employment while she was on leave that should have been covered by the Family and Medical Leave Act.

29. Defendant's actions violated 29 U.S.C. § 2615.

**C.  Cause of Action—Disability Discrimination—Failure to Accommodate—ADA**

30. Plaintiff incorporates each of the foregoing paragraphs.

31. Plaintiff requested a reasonable medical accommodation.

32. Defendant refused to provide Plaintiff with a reasonable medical accommodation.

33. Defendant discriminated against Plaintiff because of her disability.

34. Defendant's actions violated 42 U.S.C. § 12112.

**D.  Cause of Action—Discrimination—ADA**

35. Plaintiff incorporates each of the foregoing paragraphs.

36. Defendant discriminated against Plaintiff because of her disability.

37. Defendant's actions violated 42 U.S.C. § 12112.

**E.      Cause of Action—Wrongful Termination—Discrimination—ADA**

38. Plaintiff incorporates each of the foregoing paragraphs.

39. Defendant constructively discharged Plaintiff's employment because of her disability.

40. Defendant's actions violated 42 U.S.C. § 12112.

**F.      Cause of Action—Unlawful Retaliation—ADA**

41. Plaintiff incorporates each of the foregoing paragraphs.

42. Plaintiff engaged in protected activity as set forth in 42 U.S.C. § 12203.

43. In response, Defendant retaliated against Plaintiff and ultimately terminated her employment.

44. Defendant's actions violated 42 U.S.C. § 12203.

**G.      Cause of Action—Discrimination—TCHRA**

45. Plaintiff incorporates each of the foregoing paragraphs.

46. Defendant discriminated against Plaintiff because of her disability.

47. Defendant's actions violated section 21.051 of the Texas Labor Code.

**H.      Cause of Action—Unlawful Retaliation—TCHRA**

48. Plaintiff incorporates each of the foregoing paragraphs.

49. Plaintiff engaged in protected activity as set forth in Texas Labor Code section 21.055.

50. In response, Defendant retaliated against Plaintiff.

51. Defendant's actions violated section 21.055 of the Texas Labor Code.

## VIII.

## DAMAGES

52. Plaintiff incorporates each of the foregoing paragraphs.

53. Defendant's actions violated 29 U.S.C. § 2615, which, pursuant to 29 U.S.C. § 2617, entitles Plaintiff to recover from Defendant any wages, salary, employment benefits, or other compensation denied or lost.

54. Defendant's actions violated 42 U.S.C. § 12112 and 42 U.S.C. § 12203, which entitles Plaintiff to recover from Defendant back pay, front pay, as well as pre-judgment and post-judgment interest.

55. Plaintiff is also entitled to recover from Defendant compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1). Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to recover from Defendant punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

56. Plaintiff is entitled to recover liquidated damages from Defendant equal to the amount awarded to Plaintiff as wages, salary, employment benefits, or other compensation denied or lost, pursuant to 29 U.S.C. § 2617(a)(1)(iii).

57. Plaintiff seeks all damages available to her under federal law.

58. Defendant's actions also violated the Texas Commission on Human Rights Act, which entitles Plaintiff to recover from Defendant back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

59. Because Defendant's actions were done with malice and/or reckless indifference to Plaintiff's state-protected rights, Plaintiff is entitled to recover from Defendant punitive damages.

60. Plaintiff seeks all damages available to her under the TCHRA.

## IX.

## ATTORNEYS' FEES AND COSTS

61. Plaintiff incorporates each of the foregoing paragraphs.

62. Plaintiff retained the services of undersigned counsel to prosecute her claims.

63. Pursuant to 29 U.S.C. § 2617(a)(3) and 42 U.S.C. § 12205, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees and costs.

64. Pursuant to Texas Labor Code section 21.259, Plaintiff is entitled to recover a reasonable attorneys' fee from Defendant, including reasonable expert fees.

## X.

## INJUNCTIVE AND DECLARATORY RELIEF

65. Plaintiff incorporates each of the foregoing paragraphs.

66. Plaintiff requests the Court enter an order providing injunctive and declaratory relief including, but not limited to:

    a. Prohibiting Defendant from engaging in unlawful discrimination;

    b. Reinstating Plaintiff's employment with Defendant with backpay;

    c. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    d. Paying court costs;

    e. A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

    f. Any additional equitable relief the Court deems proper.

## XI.

## RESPONDEAT SUPERIOR

67. Plaintiff incorporates each of the foregoing paragraphs.

68. Defendant is liable for the acts and/or omissions of their respective agents, representatives, employees, servants, and officers.

## XII.

## JURY DEMAND

69. Plaintiff demands a trial by jury.

## XIII.

## CONCLUSION AND PRAYER

70. Plaintiff respectfully requests that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment awarding Plaintiff:

    A. Wages, salary, employment benefits, or other compensation denied or lost as determined by the jury;

    B. Back pay and front pay (including benefits);

    C. Liquidated damages equal to the amount determined by the jury in subsection (A) above;

    D. Compensatory damages;

    E. Punitive damages;

    F. Injunctive and declaratory relief, including but not limited to, an Order:

        a. Prohibiting Defendant from engaging in unlawful discrimination;

        b. Reinstating Plaintiff's employment with Defendant with backpay;

        c. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

        d. Paying court costs;

        e. A declaration that Defendant violated Plaintiff's rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

    f.  Any additional equitable relief the Court deems proper;

 G.  Reasonable attorneys' fees and expert fees;

 H.  Court costs;

 I.  Pre-judgment and post-judgment interest at the rate set by law; and

 J.  All legal or equitable relief this Court deems proper.

    Respectfully submitted,

    */s/ Jamie J. Gilmore*
    JAMIE J. GILMORE
    Texas Bar No. 24045262
    jgilmore@galyen.com
    BRITTNEY THOMPSON
    Texas Bar No. 24104618
    bthompson@galyen.com
    **BAILEY & GALYEN**
    1300 Summit Avenue, Suite 650
    Fort Worth, Texas 76102
    Telephone: 817-276-6000
    Facsimile: 817-276-6010
    **ATTORNEYS FOR PLAINTIFF**